# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-05177-DSF (SK) | Date | July 2, 2019 |
|---|---|---|---|
| Title | Norman John Craig v. Santa Barbara County Superior Court | | |

Present: The Honorable  Steve Kim, U.S. Magistrate Judge

| Cheryl Wynn | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

In June 2019, Petitioner filed a petition under 28 U.S.C. § 2254 against the Santa Barbara County Superior Court, challenging what is now an almost 35-year old state conviction for possessing marijuana for sale and stolen property. (ECF 1). On its face, the Petition is subject to summary dismissal for two reasons.

At the outset, Petitioner has named the wrong respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004) ("proper respondent is the warden of the facility where the prisoner is being held"). Failure to name the correct respondent deprives the Court of jurisdiction. *See Smith v. Idaho*, 392 F.3d 350, 354–55 (9th Cir. 2004). But even if Petitioner could name the right respondent, granting leave to amend for this reason alone would be futile since the Petition is facially untimely by at least 20 years.

Because he was convicted in 1985, before the Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect in April 1996, Petitioner had one year until April 1997 to file a federal habeas petition on time. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). Nothing in the Petition explains why that was not done, much less excuses the two decades of inaction between 1997 and now. That Petitioner may have recently filed a state habeas petition in California Supreme Court, which was denied in April 2019, does not make the federal petition timely. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (state habeas petition filed after expiration of federal statute of limitations does not restart new one-year limitations period). Nor does there appear any other basis for tolling.

THEREFORE, Petitioner is **ORDERED TO SHOW CAUSE** on or before **August 1, 2019** why this action should not be dismissed for lack of jurisdiction and timeliness. Petitioner may discharge this order by either (1) filing a notice of voluntary dismissal using the attached form CV-09, or (2) filing an amended petition naming the correct respondent **and** proving that the Petition is timely. **If Petitioner files no response or fails to prove that the Petition is timely, this action may be summarily and involuntarily dismissed.** *See* Rule 4 of Rules Governing Section 2254 Cases; L.R. 72-3.2; Fed. R. Civ. P 41(b); L.R. 41-1.

Attachment: CV-09